# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BRANDON TOUCHETTE,

    Plaintiff,

v.                                                            CASE NO:
                                                    HONORABLE:

GENESEE COUNTY, DONOVAN ROSS, EVAN MYERS,
DYLAN HOLLAND, PRISNOR PASCAL, and
MARGAET HULL, in their individual and official capacities,

    Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING
OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE
COMPLAINT.

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants herein states as follows:

1. Plaintiff is a resident of the City of Flint, County of Genesee, State of Michigan.

1

2.      Defendant Genesee County is a municipal corporation and/or governmental subdivision that is organized and existing under the laws of the State of Michigan.

3.      Defendants Ross, Myers, Holland, and Pascal are and/or were corrections deputies/officers working for and/or assigned to the Genesee County Sheriff's Department/Genesee County Jail ("GCJ") at all times mentioned herein and were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4.      Defendant Hull is and/or was a nurse employed by the Genesee County Sheriff's Department/GCJ to work in the Genesee County Jail at all times mentioned herein, and was acting under color of law, in her individual and official capacities, and within the course and scope of her employment.

5.      All events giving rise to this lawsuit occurred in the County of Genesee, State of Michigan.

6.      This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Eighth and/or Fourteenth Amendments as they apply to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

7.      Plaintiff also brings a state law claim over which this Court has supplemental jurisdiction.

8.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

9.     That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

10.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as thought fully set forth herein.

11.    At all times relevant herein, Plaintiff had been a longtime daily user of methamphetamines, fentanyl, and/or other drugs.

12.    Plaintiff's history of opiate addiction was well documented in Genesee County Jail ("GCJ") records and known to Defendants.

13.    Plaintiff also has a history of having seizures, which was known by GCJ staff and Defendants.

14.    During his prior incarcerations at the GCJ, as well as his incarceration that serves as the basis of the instant lawsuit, Plaintiff advised Defendants of his history of seizures, daily drug use, and his withdrawals from drugs; and because of these issues and concerns, Plaintiff always advised of his need for a bottom bunk, and advised Defendants of same as well.

15.    In Plaintiff's prior incarcerations at the GCJ, he had been given a bottom bunk due to his seizures and withdrawing from drugs.

16. On April 20, 2024, officers from the City of Flint Police Department apprehended and arrested Plaintiff.

17. Prior to Plaintiff's arrest that day, Plaintiff had gotten high from using fentanyl.

18. During the course of the arrest, Plaintiff advised the arresting officers that he had swallowed a bag of fentanyl.

19. After Plaintiff advised the arresting officers that he had ingested drugs, Plaintiff was transported to Hurley Medical Center.

20. At the hospital, Plaintiff was placed in a hospital gown and a patient wristband was placed on his wrist.

21. During his stay at the hospital, Plaintiff had to be restrained because of his behavior, and a urine drug screen was positive for drugs.

22. After Plaintiff was released from the hospital (while still wearing his hospital gown and wristband), he was taken to the GCJ where he was booked and eventually lodged for various charges including but not limited to fleeing and eluding and possession of methamphetamines.

23. On 04/21/2024 at approximately 8:07 a.m., Defendant Donovan Ross accepted Plaintiff as an inmate and began the booking and housing assignment process in the GCJ.

24.    Plaintiff was known by Defendants to be in need of a bottom bunk because of Plaintiff's prior incarcerations at the GCJ.

25.    Plaintiff advised Defendant Ross that he had just come from the hospital, showed Defendant Ross his hospital wristband, and further advised Defendant Ross that he had swallowed a bag of fentanyl, that he was going through drug withdrawals, has a history of seizures, and needed a bottom bunk.

26.    Plaintiff further advised Defendant Ross that he has a history of substance abuse, and that during his prior incarcerations at the GCJ, he has received a bottom bunk.

27.    In fact, on multiple occasions during Plaintiff's initial interaction with Defendant Ross, Plaintiff reiterated his need for a bottom bunk because of his withdrawals and seizures.

28.    Defendant Ross advised Plaintiff that the jail was full and that Plaintiff could not have a bottom bunk; and therefore, Defendant Ross assigned Plaintiff to general housing and failed to make any accommodation or otherwise take any steps to ensure that Plaintiff received a lower bunk which was necessary for Plaintiff's health and safety.

29.    At approximately 6:19 p.m., on April 21, 2024, Defendant Myers assigned Plaintiff to a new housing unit, but he failed to take any steps whatsoever to ensure

that Plaintiff would receive a lower bunk, despite knowing Plaintiff's absolute need for same and Plaintiff advising him of his need for same.

30. Defendant Hull did a medical assessment of Plaintiff on April 21, 2024, at approximately 8:14 p.m.

31. During that encounter, Defendant Hull only took Plaintiff's vitals and when she saw Plaintiff's hospital wristband and inquired about same, Plaintiff advised that he had been to the hospital that day for swallowing fentanyl.

32. Plaintiff also advised Defendant Hull that he needed a bottom bunk because of his past seizures and his current drug withdrawals; however, she did nothing nor took any steps to even try to ensure that Plaintiff receive a bottom bunk.

33. At 11:11 p.m. on April 21, 2024, Defendant Holland moved Plaintiff to his new housing unit but failed to ensure that Plaintiff got a bottom bunk; despite Plaintiff advising Defendant that he has had seizures, was withdrawing from drugs, and that he has always received a bottom bunk at his prior incarcerations at the GCJ.

34. On April 24, 2024, at 2:50 p.m., Defendant Pascal assigned Plaintiff to a new housing unit, but he failed to ensure that Plaintiff get a lower bunk.

35. On April 24, 2024, at 2:53 p.m., Defendant Pascal moved Plaintiff to his new housing unit but failed to ensure that Plaintiff got a bottom bunk; despite Plaintiff advising Defendant that he has had seizures, was withdrawing from drugs, and that he has always received a bottom bunk at his prior incarcerations at the GCJ.

6

36. When Plaintiff was moved from one housing unit to another, he told the officers responsible for moving him that he absolutely had to have a lower bunk because of his history of seizures, his withdrawals from drugs, and his prior history of getting a bottom bunk at the GCJ; however, he was ignored.

37. The individually-named Defendants knew or should have known, that Plaintiff was not to be assigned or otherwise ordered to occupy a top bunk due to his known, obvious, and documented conditions.

38. In the very early morning hours of April 25, 2024, while asleep, Plaintiff fell out of the top bunk and onto the floor.

39. Plaintiff was bleeding profusely from his mid-forehead extending over his right brow.

40. Plaintiff was rushed to the emergency room of Hurley Medical Center where he had to receive multiple sutures to his head and was also treated with Suboxone for his withdrawal symptoms.

41. All of the named Defendants were aware of and/or had access to Plaintiff's jail and/or medical files which would have alerted them to Plaintiff's need for a bottom bunk, in addition to what Plaintiff also advised them of.

42. Each of the individually-named Defendants were responsible for Plaintiff's health and safety and/or classification and/or movement of Plaintiff within the GCJ

7

and/or otherwise were responsible for ensuring that Plaintiff received a lower bunk given his medical and opiate-use history.

43. At all material times set forth herein, Plaintiff was a pretrial detainee.

44. As a result of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages.

**COUNT I**
**VIOLATIONS OF THE FOURTEENTH AMENDMENT**
**42 U.S.C. § 1983 DELIBERATE INDIFFERENCE**
**AS TO ALL INDIVIDUALLY NAMED DEFENDANTS**

45. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

46. The Fourteenth Amendment to the United States Constitution, which applies to the States, provides that pre-conviction inmates have a constitutional right to be free from deliberate indifference to a substantial risk of serious harm.

47. Plaintiff faced a substantial risk of serious harm from being placed and/or allowed to be placed in a top bunk, as evidenced by his medical history, his statements to Defendants, his obvious condition, withdrawals, and opiate abuse, all of which Defendants were aware.

48. Defendants knew of and disregarded this substantial risk of serious harm to Plaintiff.

49. Defendants knowingly placed and/or allowed Plaintiff to be placed on a top bunk, demonstrating deliberate indifference to a substantial risk of serious harm.

50. Defendants' deliberate indifference caused serious harm to Plaintiff.

51. The individual Defendants' actions and/or omissions were deliberately indifferent to Plaintiff's health and/or safety.

52. At all relevant times, the individually-named Defendants acted under color of law and in their official and individual capacities as employees and/or agents of Defendant Genesee County.

53. The individually-named Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourteenth Amendment rights.

54. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by the individually-named Defendants, Plaintiff suffered injuries and damages, and Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against the individual Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## VIOLATIONS OF THE EIGHTH AMENDMENT
## 42 U.S.C. § 1983 DELIBERATE INDIFFERENCE
## AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS

55.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

56.     The Eighth Amendment to the United States Constitution, which applies to the States, prohibits cruel and unusual punishment and imposes a duty upon state actors to take reasonable measures to guarantee the safety of post-conviction inmates.

57.     The individually-named Defendants violated Plaintiff's federally protected rights by failing to properly and/or adequately attend to Plaintiff's severe and obvious medical needs, thereby exhibiting deliberate indifference.

58.     Plaintiff had a serious medical need, i.e., being assigned to a lower bunk, which was necessary given Plaintiff's serious and obvious medical conditions, and of which Defendants were aware.

59.     Defendants were deliberately indifferent to Plaintiff's serious and obvious medical needs.

60.     Despite Plaintiff's obvious need for a lower bunk, Defendants placed and/or allowed Plaintiff to be placed in a top bunk, thereby exhibiting deliberate indifference.

61.     Defendants' deliberate indifference caused harm to Plaintiff.

62.     The individually-named Defendants acted wantonly and with deliberate indifference to Plaintiff's serious medical needs, health, and/or safety.

63. The individually-named Defendants' actions and/or omissions were deliberately indifferent to Plaintiff's health and/or safety.

64. At all relevant times, Defendants acted under color of law and in their official and individual capacities as employees and/or agents of Defendant Genesee County.

65. The individually-named Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Eighth Amendment rights.

66. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by the individual Defendants, Plaintiff suffered injuries and damages; and Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against the individual Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

<u>**COUNT III**</u>
<u>**GROSS NEGLIGENCE**</u>
<u>**AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS**</u>

67. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11

68.     The individually-named Defendants owed a duty to Plaintiff not to engage in activities or actions that would endanger or cause harm to individuals.

69.     The individually-named Defendants breached their duties by acting indifferently and/or in a grossly negligent manner, without regard to Plaintiff's health, safety, and/or welfare.

70.     Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted to Plaintiff.

71.     Defendants' grossly negligent conduct was the most immediate, efficient, and direct cause preceding Plaintiff's injuries.

72.     Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

73.     That according to MCL 691.1407, the breach of Defendants' duties to exercise reasonable care was reckless and amounts to gross negligence.

74.     That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered injuries and damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars, not including costs, interest, and attorney fees.

<u>**COUNT IV**</u>
<u>**CONSTITUTIONAL VIOLATIONS**</u>
<u>**AS TO DEFENDANT GENESEE COUNTY**</u>

75. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

76. Defendant Genesee County acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

77. These customs and/or policies and/or practices included but were not limited to the following:

    a. Failing to adequately train and/or supervise its corrections officers, medical staff, and other employees in taking the proper and necessary precautions to safely house inmates with known and/or documented medical or other needs requiring a lower bunk;

    b. Failing to adequately train and/or supervise its corrections officers, medical staff, and other employees to recognize obvious dangers posed to inmates by documented and/or obvious medical or other needs requiring a lower bunk;

    c. Failing to supervise, review, and/or discipline its employees and/or corrections and medical staff who Defendant Genesee County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging such individuals to engage in such conduct;

d.     Failing to require its corrections officers, medical staff, and/or other employees to comply with established policies and/or procedures and to discipline or reprimand such employees who violated those established policies;

e.     Failing to enact and/or follow medical protocol and/or policies and/or procedures in treating inmates who required a low bunk including but not limited to booking, classification, and moving inmates to ensure they would get a bottom bunk.

f.     Failing to supervise, review, and/or discipline corrections officers, medical staff, and/or other employees regarding the safety and/or security risks posed by inmates who require and/or need a low bunk if they are not properly housed;

g.     Failing to enact any adequate policy or procedure to ensure that inmates are thoroughly evaluated and/or cleared and/or their complete medical history reviewed prior to classification and/or assigning such inmates to general population pods, cells, and/or bunks;

h.     Failing to enact any adequate policy and/or procedure that inmates who need a lower bunk were properly housed within the jail and otherwise actually obtained the lower bunk needed; and

       i.       Failing to equip corrections staff, medical staff, or other employes with specific tools to handle recurring situations.

78.    Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

79.    Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

80.    The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Eight and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), not including costs, interest, and attorney fees.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P73651)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: August 6, 2025
SCC/

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

BRANDON TOUCHETTE,

    Plaintiff,

v.                                   CASE NO:
                                        HONORABLE:

GENESEE COUNTY, DONOVAN ROSS, EVAN MYERS,
DYLAN HOLLAND, PRISNOR PASCAL, and
MARGAET HULL, in their individual and official capacities,

    Defendants.
_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

_____/

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for a Trial by Jury in the above-captioned matter.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P73651)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  August 6, 2025
SCC/